UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MAURICE ANTHONY POINTER, #542653,

               Petitioner,

|  |  |
|---|---|
|  | CASE NO. 2:10-CV-10260 |
| v. | HONORABLE NANCY G. EDMUNDS |

THOMAS BELL,

               Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF**
**HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,**
**AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner

Maurice Anthony Pointer ("Petitioner") was convicted of one count of third-degree fleeing

and eluding, MICH COMP. LAWS § 750.479a(3), and one count of operating a motor vehicle

while intoxicated, third offense, MICH. COMP. LAWS § 257.625(1), following a jury trial in the

Calhoun County Circuit Court.  He was sentenced as a fourth habitual offender, MICH.

COMP. LAWS § 769.12, to concurrent sentences of 4 to 20 years imprisonment on those

convictions, with 176 days credit for time served, in 2006.  Petitioner is currently on parole.

      In his pleadings, Petitioner raises claims concerning the effectiveness of defense

counsel at sentencing and on direct appeal.  Respondent has filed an answer to the petition

contending that it should be denied.  For the reasons set forth herein, the Court denies the

petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

## II.   <u>Facts and Procedural History</u>

Petitioner's convictions arise from a drunk driving incident in Battle Creek, Michigan on May 29, 2003.  The Michigan Court of Appeals summarized the incident as follows:

> Charles Pelfrey, an officer with the Battle Creek Police Department, arrested defendant after a high-speed, late-night chase through downtown Battle Creek. Defendant had recently left a local bar and was intoxicated. The chase ended when defendant crashed his truck into a concrete divider.

*People v. Pointer*, No. 270327, 2007 WL 2712084, *1 (Mich. Ct. App. Sept. 18, 2007).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the denial of his request for new counsel and the effectiveness of trial counsel.  The court denied relief on those claims and affirmed Petitioner's convictions.  *Id.*  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *See People v. Pointer*, 480 Mich. 1033, 743 N.W.2d 213 (2008).

On January 9, 2009, Petitioner filed a motion for relief from judgment with the state trial court raising the same ineffective assistance of sentencing and appellate counsel claims presented to this Court on habeas review.  The trial court denied the motion on January 26, 2009.  Petitioner did not appeal that decision to the Michigan appellate courts. On August 18, 2009, Petitioner filed a motion to correct the pre-sentence investigation report with the state trial court, which was denied on August 25, 2009.  Petitioner did not appeal that decision to the Michigan appellate courts.

Petitioner dated the instant petition on January 15, 2010.  He asserts the following

2

claims as grounds for relief:

    I.    He was denied the effective assistance of counsel at sentencing where defense counsel: (1) failed to file a motion challenging the fourth felony offender notice where two of the listed prior convictions were/are not felonies and where counsel failed to challenge the use of a previous uncounseled OUIL conviction to enhance his sentence and (2) failed to object to a notation in the pre-sentence report, which the judge relied on, that he had been convicted of five prior felonies.

    II.    Appellate counsel violated his rights as guaranteed by the US Constitution, Am VI and XIV, where counsel failed to raise several "dead bang winners" on his appeal of right.

Respondent has filed an answer to the petition asserting that it should be denied because the claims are barred by procedural default.

**III.**    **Standard of Review**

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides the following standard of review for federal habeas actions:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

    "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).   "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.   The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it

4

must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412;  *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue.  *See Stewart v. Erwin*, 503 F.3d

5

488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003));
*Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal
habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only
with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir.
1998).

## IV.   <u>Analysis</u>

Respondent contends that Petitioner's ineffective assistance of sentencing and
appellate counsel claims are barred by procedural default because Petitioner first raised
those claims in the state trial court in his motion for relief from judgment, then failed to
appeal the trial court's denial of relief on that motion to the state appellate courts.  The
Court agrees with Respondent that Petitioner's habeas claims were not properly
exhausted in the state courts and are now procedurally barred.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must
first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)
("state prisoners must give the state courts one full fair opportunity to resolve any
constitutional issues by invoking one complete round of the State's established appellate
review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The claims must be
"fairly presented" to the state courts, meaning that the prisoner must have asserted both
the factual and legal bases for the claims in the state courts.  *See McMeans v. Brigano*,
228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th
Cir. 2006) (citing *McMeans*).  A Michigan prisoner must raise each issue he seeks to
present in a federal habeas proceeding to both the Michigan Court of Appeals and the

6

Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner has not properly exhausted his habeas claims (concerning the effectiveness of sentencing and appellate counsel) in the state courts. Petitioner first raised the claims in his motion for relief from judgment before the state trial court. When the trial court denied his motion, Petitioner did not pursue available appeals in the Michigan Court of Appeals and the Michigan Supreme Court. *See* MICH. CT. R. 7.205, 7.302. Consequently, Petitioner's habeas claims were not properly exhausted in the state courts. Ordinarily, he would be required to return to the state courts to fully exhaust his remedies. However, such remedies are no longer available as the 12-month period for filing a delayed application for leave to appeal with the Michigan Court of Appeals has expired. *See* MICH. CT. R. 7.205(F). Additionally, Petitioner has already filed one motion for relief from judgment in state court and state law prohibits the filing of additional motions unless there is a retroactive change in the law or new evidence. *See* Mich. Ct. R. 6.502(G). Petitioner alleges neither and is therefore unable to file a second motion for relief from judgment. Because Petitioner failed to properly exhaust his habeas claims and now lacks an available remedy to do so, his claims are procedurally defaulted. The United States Court of Appeals for the Sixth Circuit has explained:

> [When] a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted. *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), the

7

> petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

*Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust*, 17 F.3d at 160-62.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

Petitioner neither alleges nor establishes cause to excuse this default.[1] The Court need not address the issue of prejudice when a habeas petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D.

---

[1]Petitioner asserts that appellate counsel was ineffective for failing to raise his ineffective assistance of sentencing counsel claims on direct appeal as cause to excuse that potential default. Petitioner, however, does not allege any cause for the procedural default at issue – his failure to pursue state appeals concerning the denial of his motion for relief from judgment.

Mich. 2000).

Petitioner has also not shown that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner makes no such showing. His habeas claims are thus barred by procedural default and do not warrant habeas relief.

## V.   Conclusion

The Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard

9

by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager